**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JERRY LEE JOHNSTON JR.,**

        **Plaintiff(s),**          **CASE NUMBER: 94-90045**
                                             **HONORABLE VICTORIA A. ROBERTS**

**v.**

**UNITED STATES OF AMERICA,**

        **Defendant(s).**
_____/

**ORDER**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

In 1995, Jerry Lee Johnston Jr. pled guilty to: (1) Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §1343; and (2) Financial Institution Fraud, in violation of 18 U.S.C. §1344.

On June 23, 2008, Johnston filed a "Motion to Vacate and Dismiss Prior Criminal Charge." (Doc. #28). Johnston asks the Court to vacate his conviction because: (1) he is innocent; and (2) the Government mishandled the case. According to Johnston, the Government falsely told the grand jury and the United States Attorney that he did not ship $300,000.00 in merchandise to his customers. Johnston says that while the Government caused him to ship some of the merchandise late by withholding his shipping records without a warrant, all of his customers received their merchandise, and he had no intent to defraud his customers. Johnston says he should not have been charged, nor should he have gone to jail.

On June 27, 2008, this Court denied Johnston's motion; it assumed Johnston

1

was requesting a pardon.

Johnston appealed on August 1, 2008. On September 23, 2009, the Sixth Circuit vacated this Court's June 27, 2008 Order and remanded for consideration of whether Johnston is entitled to §2255 or coram nobis relief.

The Government addressed Johnston's entitlement to §2255 and coram nobis relief in its "Response to Petitioner's Motion to Vacate and Dismiss Prior Criminal Charge," filed on December 22, 2009.

Johnston did not respond.

## II. APPLICABLE LAW AND ANALYSIS

### A. 28 U.S.C. §2255

Under 28 U.S.C. §2255:

> A prisoner *in custody under sentence of a court* established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Emphasis added).

Because Johnston was not "in custody" when he filed his motion on June 23, 2008, he is not entitled to relief under 28 U.S.C. §2255.

### B. Coram Nobis

"The writ of error coram nobis is used to vacate a federal sentence or conviction when . . . the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th

Cir. 1996). A petitioner seeking coram nobis relief has a heavy burden. It is "an extraordinary writ, used only to review errors of the most fundamental character - *e.g.,* errors rendering the proceedings themselves invalid." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citing *Blanton*, 94 F.3d at 230).

To succeed on a coram nobis petition, Johnston must prove: (1) an error of fact (2) unknown at the time of trial (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Blanton*, 94 F.3d at 231; *see also Spaulding v. United States*, 155 F.2d 919, 920-91 (6th Cir. 1946):

> The writ of error coram nobis was at common law used to bring before the court that pronounced the judgment, errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the proceeding. It is not available in federal courts for errors of law[.]

(Internal citations omitted).

Johnston is not entitled to coram nobis relief for two reasons: (1) Johnston does not present any facts that he did not know at the time of trial; and (2) Johnston's argument that he should not have been indicted because he had no intent to defraud his customers is an error of law, not an error of fact.

### III. CONCLUSION

Johnston's motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
Dated: March 1, 2010     United States District Judge

3

The undersigned certifies that a copy of this document was served on the attorneys of record and Jerry Johnston by electronic means or U.S. Mail on March 1, 2010.

s/Carol A. Pinegar
Deputy Clerk